**STINCHCOMB et al., Appellants,**

v.

**MAMMONE et al., Appellees.**

[Cite as *Stinchcomb v. Mammone,* 166 Ohio App.3d 45, 2006-Ohio-1276.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2005CA00184.

Decided March 13, 2006.

46

Stanley R. Rubin, for appellants.

Wayne C. Kyhos, for appellees.

BOGGINS, Judge.

{¶ 1} Appellant Frank Stinchcomb appeals the June 29, 2005, jury verdict entered in the Stark County Court of Common Pleas.

{¶ 2} Megan D. Mammone is an appellee.

## STATEMENT OF THE FACTS AND CASE

{¶ 3} This case arises as a result of a motor vehicle accident that took place on October 1, 2002, at the intersection of Noble Street and State Route 44, Stark County, Ohio. At the time of the accident, both plaintiff-appellant Frank Stinchcomb and defendant-appellee Megan Mammone were students at East Canton High School.

{¶ 4} On the date of the accident, Stinchcomb left the locker room following football practice at East Canton High School and saw Mammone standing by her car. Stinchcomb asked Mammone for a ride home, and she agreed. Stinchcomb's home was located approximately five blocks from the high school.

{¶ 5} Stinchcomb was seated in the left rear seat of the Mammone vehicle as it left the East Canton High School parking lot. After stopping at the stop sign located at the Noble Street/Route 44 intersection, Mammone proceeded into the intersection. As her vehicle traveled through the intersection, its right rear side was struck by an oncoming vehicle, causing appellee's vehicle to spin into a second vehicle. As a result of the accident, Stinchcomb sustained a left-knee laceration and a left-ankle fracture dislocation.

{¶ 6} Paramedics removed Stinchcomb from the vehicle and transported him to Aultman Hospital, where doctors immediately operated on his ankle, inserting a plate, nine screws, and a pin.

{¶ 7} On or about April 30, 2004, Stinchcomb filed a complaint in the Stark County Court of Common Pleas, alleging negligence against Mammone for failing to yield at the stop sign and negligent entrustment against her mother, Sharon Mammone.

{¶ 8} During the course of the discovery portion of the case, Stinchcomb underwent an independent medical examination on February 22, 2005, at the office of orthopedic specialist Dr. Timothy L. Gordon of Willoughby Hills, Ohio.

{¶ 9} During the discovery phase of the case, counsel for Stinchcomb issued a subpoena duces tecum to Dr. Gordon requesting several items. Among other things, the subpoena required Dr. Gordon to produce:

{¶ 10} "The number of all independent or defense medical examinations he had performed at the request of any defense law firm or insurance company from 2001–2005;

{¶ 11} "The amount of money earned by him or his office in conjunction with the performance of independent or defense medical examinations from 2001–2005;

{¶ 12} "Copies of all tax form 1099's received by him or his business from any defense law firm or insurance company showing payments made to him from 2001–2005."

{¶ 13} As a result of the receipt of the subpoena duces tecum, Dr. Gordon and Timothy L. Gordon, M.D. Orthopedics, PA, retained personal counsel to represent their interests in responding to the subpoena.

{¶ 14} In a letter to Stinchcomb's counsel, counsel for Dr. Gordon objected to the production of the documents.

{¶ 15} Subsequent to receiving Dr. Gordon's response to the subpoena, Stinchcomb filed a motion to compel compliance with the subpoena.

{¶ 16} Stinchcomb's counsel then filed a motion to compel with the trial court, indicating that the requested documents were relevant to demonstrate a possible bias or pecuniary interest in the event that Dr. Gordon performed examinations predominantly on behalf of the defense bar. In his motion, Stinchcomb alerted the trial court to a previous case in which it had allowed discovery in an identical case.

{¶ 17} In response to Stinchcomb's motion, Dr. Gordon filed a brief in opposition to the motion to compel.

{¶ 18} By judgment entry filed June 9, 2005, the trial court overruled Stinchcomb's motion, finding that "Dr. Gordon has provided more than sufficient information and Plaintiffs are not entitled to the privileged information sought in the subpoena."

{¶ 19} On or about June 10, 2005, Stinchcomb filed a motion for reconsideration, requesting that the trial court reconsider its ruling of June 9, 2005, and arguing that Dr. Gordon had not produced any information regarding the amount of money he earned from examinations performed on behalf of the defense bar.

{¶ 20} On June 14, 2005, the trial court overruled Stinchcomb's motion for reconsideration.

{¶ 21} The parties recorded a videotape deposition of Dr. Gordon in which he testified that Stinchcomb's ankle was in "great" condition, that he had a "good" prognosis, and that further surgery would not be necessary.

{¶ 22} This matter proceeded to jury trial on June 27, 2005.

{¶ 23} For purposes of trial, Mammone admitted that on October 1, 2002, she operated her vehicle in a negligent manner and caused the motor-vehicle accident in question.

{¶ 24} The videotape of Dr. Gordon was replayed at the jury trial over objection by Stinchcomb's counsel.

{¶ 25} In addition, at the time of trial, the court advised the jury that "you are going to be directed that the accident caused, was the direct cause of the knee laceration and fracture of the ankle of the Plaintiff." The jurors were further

advised by the court that their tasks in the case were to determine "the extent of the injuries suffered by the Plaintiff and the compensation to which the Plaintiffs would be entitled."

{¶ 26} On June 29, 2005, the jury returned a verdict in Stinchcomb's favor in the amount of $21,349 and costs.

{¶ 27} It is from this judgment entry that appellant prosecutes this appeal, assigning the following sole error for review:

## ASSIGNMENT OF ERROR

{¶ 28} "I. The trial court abused its discretion in denying Stinchcomb's request to discover, and possibly cross-examine on, how much the defendants' expert witness has earned performing examinations on behalf of the defense bar, which may have demonstrated his bias or pecuniary interest."

{¶ 29} In his sole assignment of error, appellant argues that the trial court erred in overruling his motion to compel compliance with the subpoena. More specifically, appellant argues that he should have been allowed to discover and cross-examine appellee's expert witness with regard to his bias or pecuniary interest. We disagree.

{¶ 30} Appellant argues that he is entitled to such discovery pursuant to Civ.R. 26(B)(1) and Evid.R. 611(B) and 616(A). Civ.R. 26(B)(1) provides:

{¶ 31} "Unless otherwise ordered by the court in accordance with these rules, * * * [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *."

{¶ 32} Evid.R. 611(B) provides that the trial court shall allow cross-examination "on all relevant matters and matters affecting credibility."

{¶ 33} Pursuant to Evid.R. 616(A), "[b]ias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence."

{¶ 34} However, Evid.R. 403(B) grants a court discretion to limit questioning if the "probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence."

{¶ 35} Similarly, pursuant to Evid.R. 611(A), "The trial court shall exercise reasonable control over the manner and order of interrogating witnesses."

{¶ 36} An appellate court may not reverse a trial court's decision with respect to the scope of cross-examination absent an abuse of discretion. Calderon v. Sharkey (1982), 70 Ohio St.2d 218, 24 O.O.3d 322, 436 N.E.2d 1008.

Specifically, cross-examination of a medical expert regarding the expert's bias and pecuniary interest is also subject to the sound discretion of the trial court. Id.

{¶ 37} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 38} Appellant argues that he was prevented from discovering evidence that may have demonstrated bias or a pecuniary interest on the part of Dr. Gordon, appellee's expert witness. Specifically, appellant argues that the records sought "might have shown that Dr. Gordon received consistent referrals * * * from one particular defense firm—or the defense bar in general." Appellant argues that if this was, in fact, the case, the jury could have believed that "Dr. Gordon's opinion was influenced, whether consciously or not, by his pecuniary interest: obtaining future examination referrals and the fees associated with those examinations."

{¶ 39} The trial court, in its judgment entry of June 9, 2005, overruling appellant's motion to compel, found:

{¶ 40} "Upon review of the Motion and the record, this Court finds Plaintiffs' motion to compel not well-taken and OVERRULES the same. Dr. Gordon has provided more than sufficient information and Plaintiffs are not entitled to the privileged information sought in the subpoena."

{¶ 41} In so ruling, the trial court had before it Dr. Gordon's initial response to appellant's subpoena, which included the number of independent medical examinations ("IMEs") conducted by Dr. Gordon between October, 1998, and May 31, 2005; Dr. Gordon's price range for IMEs; the number of depositions provided by Dr. Gordon for the same time period; and the charges typically associated with such depositions.

{¶ 42} Additionally, the cross-examination portion of Dr. Gordon's video deposition, which was played at trial, is approximately 30 pages in length, 17 of which dealt specifically with Dr. Gordon's medical-legal practice and its economic aspects.

{¶ 43} During the trial, when appellant objected to the introduction of Dr. Gordon's video testimony, the trial court, in overruling the objection, stated:

{¶ 44} "I have reviewed the deposition testimony. In addition to ruling on the objections, and I am not going to grant the motion that the testimony be disallowed.

{¶ 45} "The Court believes that counsel adequately, I would say more than adequately made his financial [sic] during the course of cross-examination."

{¶ 46} Based on the foregoing, this court finds that the trial court did not abuse its discretion in overruling appellant's motion to compel.

{¶ 47} We likewise find that the trial court did not abuse its discretion in overruling appellant's motion for reconsideration.

{¶ 48} Appellant's sole assignment of error is overruled.

{¶ 49} This cause is affirmed.

Judgment affirmed.

FARMER, J., concurs.

HOFFMAN, P.J., concurs in judgment only.